IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

TIFFANY HILL,                          §
                                       §
            Plaintiff,                 §
                                       §
VS.                                    §    Civil Action No. 3:17-CV-0775-D
                                       §
OPTUM d/b/a CONNEXTIONS, INC.,         §
et al.,                                §
                                       §
            Defendants.                §

MEMORANDUM OPINION
<u>AND ORDER</u>

In this removed employment discrimination dispute, plaintiff Tiffany Hill ("Hill")

moves to remand based on the lack of complete diversity, and, alternatively, requests leave

to amend her original state-court petition. Defendants Optum d/b/a Connextions, Inc.

("Optum"), PeopleShare, Inc. ("PeopleShare"), and Jonathan Diaz ("Diaz") oppose the

motion, contending that Diaz has been improperly joined to defeat diversity and that his

Texas citizenship may be disregarded. Hill moves to strike defendants' responses as

untimely under N.D. Tex. Civ. R. 7.1, and defendants request that the court extend the filing

deadline. For the reasons explained, the court denies Hill's motion to strike, denies her

motion to remand, and grants her request for leave to amend.

I

In 2015 Hill became employed with Optum via the temporary agency PeopleShare.

Hill worked with a team that scheduled medical exams and supervised employees doing

similar work. At an unspecified time after Hill began working for Optum, her supervisor,

Diaz, became aware that Hill was pregnant. Diaz later terminated Hill's employment, citing her "approach with a subordinate agent" weeks before. P. Pet. 3. Hill asserts that the termination was, in fact, due to her pregnancy.

Hill filed this lawsuit in state court against Optum, PeopleShare, and Diaz, alleging claims for sexual discrimination, in violation of the Texas Commission on Human Rights Act, defamation, and defamation *per se* by Diaz. Defendants removed the case to this court based on diversity of citizenship. Optum is a Minnesota corporation with its principal place of business in Minnesota, and PeopleShare is a Delaware corporation with its principal place of business in Pennsylvania. Although Diaz, like Hill, is a Texas citizen, defendants maintained that he had been improperly joined and that his in-state citizenship may be disregarded. Hill now moves to remand, contending that Diaz was not improperly joined and that the case should be remanded. To the extent the court determines that the facts asserted against Diaz are not sufficient, Hill requests leave to amend to add additional necessary facts. Defendants oppose Hill's motion to remand and her request for leave to amend. Hill moves to strike defendants' responses as untimely under Rule 7.1. Hill filed her motion to remand on April 13, 2017. PeopleShare filed its response on May 8, 2017, and Optum and Diaz filed their response on May 22, 2017. PeopleShare contends that its response was timely, or, alternatively, requests that the court extend the deadline under Fed. R. Civ. P. 6(b)(1)(B). In a separate response to Hill's motion to strike, Optum and Diaz also move to extend the deadline and request that the court accept their response adopting PeopleShare's arguments opposing the motion to remand as timely.

## II

The court turns first to Hill's motion to strike.

Rule 7.1(e) provides that "[a] response and brief to an opposed motion must be filed within 21 days from the date the motion is filed." Accordingly, defendants' responses to Hill's motion were due no later than May 4, 2017. PeopleShare filed its response on May 8, 2017, four days late. Optum and Diaz filed their joint response adopting PeopleShare's arguments on May 22, 2017, 18 days late.

PeopleShare's contention that its response was timely under Fed. R. Civ. P. 6(d) is mistaken. Rule 6(d) provides that "[w]hen a party may or must act within a specified time *after being served* and service is made under Rule 5(b)(2)(C) (mail), (D) (leaving with the clerk), or (F) (other means consented to), 3 days are added after the period would otherwise expire under Rule 6(a)." *Id.* (emphasis added). But Rule 7.1(e) does not specify a deadline based on when a motion is *served*. It imposes a deadline based on when a motion is *filed*. Therefore, neither the response deadline in Rule 7.1(e) nor in its predecessor, N.D. Tex. Civ. R. 5.1(e) (repealed Apr. 15, 1997), has ever been subject to extension based on the date when a motion was *served*.

Although defendants' responses were untimely, the timing of the filings has neither interfered with the decisional process of the court nor caused Hill any prejudice greater than being faced with a response (an undifferentiated type of prejudice that would arise in every case in which the court considers a tardy response to a motion). Because Hill has had full opportunity to state her argument in her motion to remand and to reply to defendants'

responses,[1] Hill has not been unduly prejudiced, and the delay has not interfered with the court's decisional process, the motion to strike is denied. *See, e.g., Friedman & Feiger, L.L.P. v. ULofts Lubbock, LLC,* 2009 WL 3378401, at \*2 (N.D. Tex. Oct. 19, 2009) (Fitzwater, J.) (denying motion to strike where no showing of prejudice was made regarding timing of filing).

III

The court now turns to Hill's motion to remand. For a case to be removed based on diversity jurisdiction, "all persons on one side of the controversy [must] be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (quoting *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004)) (internal quotation marks omitted). "The jurisdictional facts that support removal must be judged at the time of the removal." *Gebbia v. Wal-Mart Stores, Inc.,* 233 F.3d 880, 883 (5th Cir. 2000) (citations omitted). Moreover, under 28 U.S.C. § 1441(b)(2), a case cannot be removed based on diversity jurisdiction if any properly joined defendant is a citizen of the state in which the action is brought (here, Texas).

The doctrine of improper joinder is a narrow exception to the rule of complete diversity, and it "entitle[s] a defendant to remove to a federal forum unless an in-state

---

[1]Hill's reply to the response of Optum and Diaz is not actually due until June 5, 2017. But because their response adopts the arguments of PeopleShare, which filed its response on May 8, 2017, and because Hill's reply to PeopleShare's response was due May 22, 2017, *see* Rule 7.1(f), the court will not await a further reply from Hill before deciding the instant motions.

defendant has been 'properly joined.'" *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc); *see also Meritt Buffalo Events Ctr. LLC v. Cent. Mut. Ins. Co.*, 2016 WL 931217, at *2 (N.D. Tex. Mar. 11, 2016) (Fitzwater, J.). The doctrine allows federal courts to defend against attempts to manipulate their jurisdiction, such as by joining nondiverse parties solely to deprive federal courts of diversity jurisdiction. *See Smallwood,* 385 F.3d at 576. Because "the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365-66 (5th Cir. 1995)). Thus the removal statute is strictly construed, with "any doubt about the propriety of removal [being] resolved in favor of remand." *Id.* at 281-82. The party seeking removal bears a heavy burden to prove improper joinder. *Smallwood*, 385 F.3d at 574.

"Improper joinder is established by showing that there was either actual fraud in the pleading of jurisdictional facts or that the plaintiff is unable to establish a cause of action against the non-diverse defendant in state court." *Parsons v. Baylor Health Care Sys.*, 2012 WL 5844188, at *2 (N.D. Tex. Nov. 19. 2012) (Fitzwater, C.J.) (citing *Smallwood*, 385 F.3d at 573). Under the second alternative—the one at issue in this case—the test for improper joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573; *see also Travis v. Irby*, 326 F.3d

644, 648 (5th Cir. 2003) (explaining that terms "no possibility" of recovery and "reasonable basis" for recovery have essentially identical meaning, and holding that pleadings must show more than "any mere theoretical possibility of recovery").

When deciding whether a defendant has been improperly joined, a federal court applies the federal pleading standard. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp. Ltd.*, 818 F.3d 193, 207-08 (5th Cir. 2016). This standard requires the plaintiff to plead enough facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above a speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 566 U.S. at 679 (alteration omitted) (quoting Rule 8(a)(2)). Furthermore, under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" it demands more than "labels and conclusions." *Iqbal*, 566 U.S. at 678 (quoting *Twombly*, 550

U.S. at 555). And "a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555).

## IV

### A

Defendants assert that Diaz has been improperly joined because Hill has not alleged a reasonable basis for the court to predict that she can recover against him. Relying on the Rule 12(b)(6) standard described above, they maintain that Hill's allegations do not state a claim against Diaz because they are conclusory, formulaic recitations of the elements of defamation and defamation *per se*.

### B

To state a claim of defamation under Texas law, the plaintiff must allege facts supporting the conclusion that the defendant published a defamatory statement about her while acting with at least negligence regarding the truth of the statement. *See WFAA-TV, Inc. v. McLemore*, 978 S.W.2d 568, 570 (Tex. 1998). Whether the alleged statement contains the defamatory connotation the plaintiff asserts is a question of law. *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989) (citing *Musser v. Smith Protective Servs., Inc.*, 723 S.W.2d 653, 654-55 (Tex. 1987)). Thus in order to plead a plausible defamation claim, the plaintiff must give the "specific nature of what was said," along with the substance of the false statement such that a court may examine its connotation. *See Ameen v. Merck & Co.*, 226 Fed. Appx. 363, 371 (5th Cir. 2007) (per curiam)*; see also Shaunfield v. Bank of Am.*, 2013 WL 1846885, at *3 (N.D. Tex. Apr. 24, 2013) (Boyle, J.).

Hill's petition merely recites the common law elements of defamation without alleging a statement from which the court can determine a defamatory connotation. Hill alleges that "Diaz intentionally published false statements to numerous persons, including management/human resources personnel within Optum . . . about Plaintiff to justify the termination." P. Pet. 3. Although the petition specifies a potential motive for Diaz to publish false statements, it fails to identify any direct statement that he made. Without any facts to discern the specific nature of what was said, there is no basis on which the court can infer a defamatory meaning that would allow Hill to recover from Diaz. Merely reciting the elements of a defamation claim, without pointing to a single statement that Diaz made, fails to plead a plausible claim. *See Twombly,* 550 U.S. at 570.

C

Nor does Hill have a possibility of recovery on her claim for defamation *per se*. Defamation *per se* includes a statement that injures a person in her office, profession, or occupation. *Hancock v. Variyam*, 400 S.W.3d 59, 64 (Tex. 2013). Statements of this type are so injurious that damages are presumed. *Id.* at 63. To recover for a defamation *per se*, the defamatory statement must attribute to another conduct that would negatively impact her fitness for the "proper conduct of [her] lawful business, trade or profession." *Id.* at 65. (quoting Restatement (Second) of Torts § 573 (1977)) (alteration added). General allegations regarding a person's character are insufficient unless proved relevant to the unique requirements for the given profession. *See id.*

Hill alleges that Diaz "maliciously published false, slanderous/defamatory statements about [Hill}," that "adversely reflected on [Hill's] job fitness." P. Pet. 1. Hill not only fails to plead a false statement that is particularly related to her role, she fails to allege any statement at all. This recitation of the elements of the cause of action simply "will not do" to establish a plausible claim. *See Twombly*, 550 U.S. at 555.

Hill attempts to cure the deficiencies in her petition by asserting additional facts in her motion to remand. She alleges that the petition contains both the date of the defamatory statements (so as to survive the statute of limitations) and Diaz's specific statements. Hill maintains that the petition includes Diaz's statement that "the reason for Plaintiff's termination was due to Plaintiff's performance when she handled an issue with a subordinate agent many weeks before." P. Br. 7. But the date of the alleged statement is absent from the original petition, and the quotation from her motion to remand bears no resemblance to allegations of the petition. Instead, Hill's original petition indicates that the reason for termination was given to her, not others. This defeats the publication element of her claim because the statement was not made to a third party.[2] Because facts supporting removal are

---

[2]Hill alleges in her state-court petition that "Plaintiff was called into Diaz's office and terminated. The reason given for termination was Plaintiff's approach with a subordinate agent many weeks before but that was just a false excuse as Plaintiff had handled the matter exactly as instructed[.]" P. Pet. 3. Hill also alleges that "Diaz intentionally published false statements[.]" There is no indication from the petition that Diaz stated to anyone other than Hill that her termination was due to performance. The latter allegation is a bare conclusion that fails to allege a direct statement.

judged at the time of removal, the allegations that Hill makes in her motion to remand have no bearing on the removal analysis. *See Gebbia*, 233 F.3d at 883.

D

The court concludes that Hill has failed to state plausible claims for defamation and defamation *per se* under the controlling federal pleading standard. Accordingly, Diaz's Texas citizenship may be disregarded for purposes of determining diversity of citizenship and removability. Because Hill and the properly-joined defendants are completely diverse citizens, Hill's motion to remand is denied.

V

Hill requests in the alternative that the court grant her leave to amend her state-court petition to the extent the court finds that the facts she alleges are not sufficient. Defendants oppose this request on the basis that Hill has not presented a proposed amended complaint.

The court grants Hill's request under the Fed. R. Civ. P. 15(a)(2) standard. Under this standard, "[t]he court should freely give leave when justice so requires." Rule 15(a)(2). Hill must file the amended complaint within 28 days of the date this memorandum opinion and order is filed.

Although the court is granting Hill leave to amend, this does not impact the denial of her remand motion. This is so because removability and improper joinder are determined at the time of removal.

> Crucially, jurisdictional facts are determined at the time of removal, not by subsequent events. Thus, to determine whether a plaintiff has improperly joined a non-diverse defendant, the district court must examine the plaintiff's possibility of recover against that defendant *at the time of removal.* This inquiry must be made regardless of whether the court examines the plaintiff's chance of surviving a Rule 12(b)(6) challenge or, instead, conducts a summary inquiry by piercing the pleadings.

*Flagg v. Stryker Corp.*, 819 F.3d 132, 137 (5th Cir. 2016) (en banc) (emphasis in original) (internal quotation marks, footnotes, and brackets removed). Accordingly, although the court is permitting Hill to file an amended complaint, regardless whether she states a plausible claim against Diaz, this will not impact the court's decision denying the remand motion.

* * *

For the reasons explained, the court denies Hill's motion to strike, denies her motion to remand, and grants her leave to file an amended complaint within 28 days of the date this memorandum opinion and order is filed.

**SO ORDERED**.

June 1, 2017.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE