IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TIFFANY HILL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:17-CV-0775-D |
| | § | |
| OPTUM d/b/a CONNEXTIONS, INC., | § | |
| et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant PeopleShare, Inc.'s ("PeopleShare's") June 22, 2017 Rule 12(b)(6) motion to dismiss portions of plaintiff's amended complaint is granted, at least because plaintiff Tiffany Hill ("Hill") has failed in her first amended complaint to plead a plausible basis to hold PeopleShare liable for the conduct of Jonathan Diaz ("Diaz"), who is alleged to be an employee of defendant Optum d/b/a Connextions, Inc. ("Optum").[*]

The court agrees with PeopleShare that Hill's response to the motion to dismiss is based on a mistaken understanding of the current pleading standards in federal court, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and that Hill has failed to allege the facts necessary to state a plausible claim against PeopleShare based on the conduct of Diaz, who is alleged to be an employee of Optum. Accordingly, the court dismisses

---

[*]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

with prejudice Hill's claims against PeopleShare for defamation and defamation *per se* and her claim for punitive damages, to the extent based on her claims for defamation and defamation *per se*.

The court denies Hill's request in her response for leave to amend. First, Hill has already requested and received leave to amend, and her first amended complaint is still defective in the respects identified here. Second, it is not apparent that these defects can be cured, considering that there is no basis in Hill's state court original petition or in her first amended complaint to draw the reasonable inference that Diaz was an employee of any defendant except Optum. *See* Pet. ¶¶ 5 & 8 (alleging that Diaz was a manager with Optum); *id.* at ¶ 19 (alleging that Diaz made defamatory statements individually and while acting in his capacity as a manager of Optum); Am. Compl. ¶¶ 4, 8, and 23 (making the same or similar allegations).

Accordingly, PeopleShare's June 22, 2017 Rule 12(b)(6) motion to dismiss portions of plaintiff's amended complaint is granted, and Hill's claims against PeopleShare for defamation and defamation *per se* and her claim for punitive damages, to the extent based on her claims for defamation and defamation *per se*, are dismissed with prejudice.

**SO ORDERED**.

August 4, 2017.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE